IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| KERMIT POULSON,<br><br>Petitioner,<br><br>vs.<br><br>DERRICK BUDD, LEROY KIRKEGARD,<br><br>Respondents. | CV 16-16-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On February 19, 2016, Mr. Poulson filed a writ for a petition of habeas corpus under 28 U.S.C. § 2254. Mr. Poulson contends that Montana State Prison employees and staff used excessive force against him and were deliberately indifferent to his medical needs. (Doc. 1 at 1- 5.) Poulson seeks intervention from this Court in the form of monetary and injunctive relief. *Id*. at 5.

From a review of the materials provided by Mr. Poulson, it does not appear that a writ under 28 U.S.C. § 2254 is the proper vehicle to attempt to secure the relief he seeks. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Nettles v. Grounds*, 788 F. 3d 992, 998 (9th Cir. 2015) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). A claim

1

challenging prison policies and procedures is only "cognizable in habeas if it will 'necessarily spell speedier release' from custody, meaning that the relief sought will either terminate custody, accelerate the future date of release from custody, or reduce the level of custody." *Id.* at 992 (citing *Skinner v. Switzer*, 562 U.S. 521, 535 n. 13 (2001)).  Prisoners seeking other challenges to their conditions of confinement may have recourse under 42 U.S.C. § 1983, but not under habeas. *Id.* at 534.  It appears, therefore, that Mr. Poulson's claims would be more appropriately filed as a civil rights action under 42 U.S.C. § 1983, rather than as a habeas corpus petition.  This Court lacks jurisdiction over the instant claims when styled as a habeas petition.  *See Nettles*, 788 F. 3d at 997.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings.  A certificate of appealability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because there is no doubt this

2

Court lacks jurisdiction, and there is no basis to encourage further proceedings at this time.

Based on the foregoing, the Court enters the following:

## RECOMMENDATIONS

1. The Petition (Doc. 1) should be DENIED for lack of jurisdiction.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

4. The clerk of court shall provide Mr. Poulson with a copy of the Court's form materials for filing a civil rights claim under 42 U.S.C. § 1983, in addition to the form for proceeding in forma pauperis.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Poulson may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Poulson must immediately notify the Court of any change in his mailing</u>

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 25th day of February, 2016.

<u>/s/ John Johnston</u>
John Johnston
United States Magistrate Judge